UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER DELAPAZ,

    Plaintiff,

                                  Civil No.: _____

vs.

FUTURE MOTION, INC.,

    Defendant.
_____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, FUTURE MOTION, INC. ("Defendant" or "Future Motion"), hereby files this Notice of Removal of the above-referenced action from the Circuit Court in the Sixth Judicial Circuit in and for Pinellas County, Florida, in which it is now pending, to the United States District Court, Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

As grounds for removal, Defendant states as follows:

**I.   Relevant Background**

1. Plaintiff commenced this litigation by filing a Summons and Complaint on August 27, 2021, in the Pinellas County Clerk's Office. A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A,** and was served on Future

Motion, Inc. on or around December 16, 2021. According to Plaintiff's Complaint, Plaintiff Christopher Delapaz alleges that Future Motion, Inc. was negligent in the designing, manufacturing, and/or warnings related to the Onewheel+ XR.

2. Defendant timely answered Plaintiff's Complaint on December 30, 2021, annexed hereto as **Exhibit B**.

3. Defendant served jurisdictional discovery on Plaintiff prior to answering Plaintiff's Complaint, annexed hereto as **Exhibit C**.

## II. Papers from Removed Action.

4. Pursuant to 1.06(b) of the Local Rules for the Middle District of Florida, annexed hereto as **Exhibit D** is a copy of each publically-available paper docketed in the State Court, along with an Index of the State Court pleadings.

## II. The Removal is Timely.

5. Defendant was served with the Complaint on or around December 16, 2021. The initial pleadings did not indicate the case was removable. Defendant served jurisdictional discovery on Plaintiff on December 29, 2021. Plaintiff's counsel requested an extension of time to respond to the jurisdictional discovery and subsequently stipulated to an amount in controversy in excess of $75,000 meeting the jurisdictional requirements for removal to federal court on February 18, 2022 via email, annexed hereto as **Exhibit E**. Accordingly, this notice of removal is being

filed within 30 days of the stipulation on the jurisdictional requirements for removal to federal court, and therefore, is timely under 28 U.S.C. § 1446(b)(3).

### III.  Venue and Jurisdiction Are Proper in This Court

6. Venue is proper in the United States District Court for the Middle District of Florida as this is the District corresponding to and embracing the place where the state-court action was pending.

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

### IV.  Complete Diversity Exists

8. Plaintiff is a resident and citizen of the State of Florida. *See* **Exhibit A** at ¶ 1. Plaintiff owns and resides at a single family residence in Hillsborough County, Florida. He is registered to vote in the State of Florida and owns a vessel currently registered in the State of Florida.

9. Future Motion is diverse to Plaintiff. Defendant Future Motion, Inc. is a Delaware corporation, with its principal place of business in California. *Id.* at ¶ 2.

10. Because Plaintiff is a citizen of Florida and Defendant is not, diversity of citizenship exists under 28 U.S.C. § 1332.

## V.     The Amount In Controversy Requirement is Satisfied

11.     The value of the Plaintiff's alleged damages exceeds $75,000.00 based on Plaintiff's stipulation that this case meets the jurisdictional requirements for removal to federal court.  *See* **Exhibit E**

12.     Where removal of a civil action is sought on the basis of diversity jurisdiction:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000] information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

(28 U.S.C. § 1146(c)(3)(A)).

13.     Upon receiving the Plaintiff's Complaint, Defendant served Plaintiff with jurisdictional discovery to determine the amount in controversy. Plaintiff's counsel sought an extension to respond and subsequently stipulated to an amount in controversy in excess of $75,000 meeting the jurisdictional requirements for removal to federal court on February 18, 2022 via email. **Exhibit E**.  Additionally, Plaintiff, in his Complaint, alleges to have sustained serious and permanent injuries including a shattered clavicle, sprained wrist, and both knee caps, right shoulder, and neck sustained severe trauma; mental anguish; pain and suffering; emotional distress; economic damages; and non-economic damages. *See* **Exhibit A** at ¶ 25. The claimed damages satisfy the amount in controversy requirement.

14. For these reasons, this Court has original jurisdiction over this action and removal is proper.

**VI. Filing of Removal Papers**

15. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, is being served on Plaintiff's counsel contemporaneously with this filing and will be filed with the Office of the Clerk of the United States District Court for the Middle District of Florida as provided by 28 U.S.C. § 1446(d).

16. All procedural requirements for removal under §§ 28 U.S.C. 1441 and 1446 have been satisfied and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332.

17. Defendant reserves all defenses to Plaintiff's claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including but not limited to (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party or parties; or (8) any other pertinent defense available.

18. DEFENDANT DEMANDS A TRIAL BY JURY.

DATED: March 3, 2022

/s/ *Michael R. Holt*
MICHAEL HOLT
Florida Bar No.: 483450
E-mail: mholt@rumberger.com
docketingmiami@rumberger.com
mholtsecy@rumberger.com
LIGIANETTE CORDOVA
Florida Bar No.: 103271
E-mail: lcordova@rumberger.com
docketingmiami@rumberger.com and
lcordovasecy@rumberger.com
Rumberger, Kirk, & Caldwell, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel: 305.358.5577
Fax: 305.371.7580

*Attorneys for Defendant*